IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
JOHNNY ALBA,                      )  CIV. NO. 13-00231 HG/KSC
                                  )
            Plaintiff,            )
                                  )  ORDER DISMISSING COMPLAINT WITH
     vs.                          )  LEAVE GRANTED TO AMEND
                                  )
M.C.C.C. FACILITY MEDICAL         )
AND CORRECTIONAL STAFF,           )
H.C.F. FACILITY MEDICAL AND       )
CORRECTIONAL STAFF,               )
                                  )
            Defendants.           )
_____   )
```

**ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND**

Before the court is *pro se* Plaintiff Johnny Alba's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983.  *See* Compl., ECF No. 1.  Alba alleges that unidentified medical and correctional staff at the Maui Community Correctional Center ("MCCC") and Halawa Correctional Facility ("HCF") acted with deliberate indifference to his health and safety, violating his rights under the United States Constitution.

The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), and finds that Plaintiff fails to state a cognizable claim.  The Complaint is DISMISSED with leave to amend as discussed below.

### I. PLAINTIFF'S ALLEGATIONS

The Complaint is somewhat cryptic.  Plaintiff alleges that unidentified MCCC staff knowingly put him in a cell with another inmate who "was exposed" to tuberculosis ("TB") and

Hepatitis C. *See* Compl., ECF No. 1 at PageID #5 (Count I). Plaintiff concludes that MCCC Defendants did this because he is an unidentified minority, and based on the unidentified nature of his crime. Plaintiff claims that he then developed lung cancer; he does not allege that he developed either TB or Hepatitis C.

Plaintiff next alleges that, although he is being treated for his lung cancer, MCCC and HCF medical staff refuse to provide him with a "specialist." *Id.*, PageID #6 (Count II). Plaintiff further alleges that HCF medical staff gave him medication for his cancer that causes dizziness and nausea. *Id.*, PageID #7 (Count III). He says he is becoming weaker and seeks treatment for his lung cancer.

## II. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners relating to prison conditions and/or seeking redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains

insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A sufficient complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the

pleader is entitled to relief.'"  *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)).

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Hebbe*, 627 F.3d at 342 (quoting *Erickson*, 551 U.S. at 94).  Leave to amend should be granted unless it appears that amendment is futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007)

4

(citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.   Deliberate Indifference**

The Eighth Amendment prohibits cruel and unusual punishment, thus, it imposes a duty on prison officials to provide prisoners humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care. *Id.*

To state a constitutional violation under the Eighth Amendment, a prisoner must satisfy a two-part test that has objective and subjective components: (1) the deprivation alleged must be objectively sufficiently serious, and (2) the prison official must have a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. With respect to the subjective prong, the state of mind is one of deliberate indifference to inmate health or safety. *Id.* Under this standard, the prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the prison official must also draw that inference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

//

**B.    Count I: Alleged Exposure to TB and Hepatitis C**

Exposure to contagious diseases may violate the Eighth Amendment if prison officials, acting with deliberate indifference, expose a prisoner to a sufficiently substantial "risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Thus, an Eighth Amendment violation may occur if an inmate is confined with a fellow prisoner known to have a serious contagious disease spread by airborne particles, such as active cases of TB. *See Weeks v. Espinda*, 2011 WL 3290415 *3-*4 (D. Haw. July 29, 2011); *Bolton v. Goord*, 992 F. Supp. 604, 628 (S.D.N.Y. 1998). A Hepatitis C infection can also "quite obviously cause serious health problems," *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).[1]

Plaintiff relates insufficient facts for the court to infer that Defendants acted with deliberate indifference to his health regarding his claims in Count I. First, Plaintiff fails to allege that he was put in a cell with an inmate who actually had active TB; rather, he says he was put in a cell "with a guy who was exposed with T.B. & H.C." Compl., ECF No. 1 at PageId

---

[1] "Hepatitis C is usually spread when blood from a person infected with the Hepatitis C virus enters the body of someone who is not infected. Today, most people become infected with the Hepatitis C virus by sharing needles or other equipment to inject drugs." Centers for Disease Control and Prevention; Hepatitis C Information for the Public; http://www.cdc.gov/hepatitis/c/.

#5. That is, Plaintiff does not claim that the other inmate *had* active (or even latent) TB or Hepatitis C, only that the other inmate had been *exposed* to these diseases. And Plaintiff no facts supporting his conclusions that prison staff housed him with this allegedly-infected inmate because he was a minority and they disapproved of the nature of his crime.

Second, even accepting that the other inmate was actually infected with TB or Hepatitis C, Plaintiff fails to set forth when he was housed with the inmate, how long they remained together, whether he developed either TB or Hepatitis C thereafter and most importantly, when he was diagnosed with cancer. That is, Plaintiff fails to allege that he contracted either disease or explain how exposure to an inmate with TB or Hepatitis C caused his lung cancer, which is the gravamen of his claim.

Third, Plaintiff fails to link or provide facts showing that any particular, sufficiently identified MCCC correctional or medical staff member committed or is responsible for the challenged act. As in all § 1983 cases, a complaint alleging deliberate indifference to an inmate's health or serious medical need must state in specific terms how each named defendant is involved. There is no liability under § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation. *Rizzo v. Goode*,

423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Further, to the extent Plaintiff alleges claims against any supervisory Defendant, vague and conclusory allegations of official participation in civil rights violations are insufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). While Plaintiff need not identify specific defendants at the outset of his case, he must provide enough details to allow an inference that some particular individual or individuals acted with deliberate indifference to his health.

To survive dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–57. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff's claim in Count I, that unnamed Defendants caused him to contract lung cancer by housing him with another inmate who was exposed to or infected with TB or Hepatitis C, fails to state a claim and is DISMISSED with leave to amend.

**C.   Counts II and III: Alleged Inadequate Medical Treatment**

To successfully allege that inadequate or negligent medical care constitutes cruel and unusual punishment, a plaintiff must show "a serious medical need by demonstrating that

failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain" and that "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The second prong "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* A prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

       Clearly, lung cancer is a serious medical condition. Plaintiff, however, does not allege that Defendants denied or delayed his treatment with deliberate indifference to his health. Rather, Plaintiff admits that he is being treated for his lung cancer, but he apparently disagrees with the treatment. *See* Compl., ECF No. 1, PageID #6-7. Plaintiff complains that he is not being treated by a "specialist" and that his medication makes him dizzy and nauseated. *Id.*

       First, it is commonly known that cancer treatment often causes nausea and other distressing side effects. Without more detail, the court cannot infer that Defendants prescribed Plaintiff medication that causes unpleasant symptoms with

deliberate indifference to his pain and discomfort. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Second, allegations of inadequate or negligent medical care are not enough to establish a constitutional violation; there must also be a showing of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. *See, e.g., Toguchi*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Defendants may have negligently prescribed Plaintiff's medicine, although the facts are inadequate to support that claim also, but nothing suggests the acted with deliberate indifference.

Third, Plaintiff does not allege that Defendants' treatment plan for his lung cancer is "medically unacceptable" and done "in conscious disregard of an excessive risk to [his] health." *Toguchi*, 391 F.3d at 1058. Plaintiff therefore fails

to state a claim under the Eighth Amendment regarding the cancer treatment he has been provided.

The bare facts alleged in Counts II and III do not show that Defendants acted with deliberate indifference. Rather, they exhibit Plaintiff's disagreement with the treatment provided. Plaintiff's recitation of his facts presented fail to nudge Plaintiff's claims from the "possible" to the "plausible." *See Twombly*, 550 U.S. at 570. In short, there is insufficient factual content in the Complaint to allow the court to reasonably infer that HCF or MCCC medical staff are liable for deliberate indifference to Plaintiff's need for medical care. *Iqbal*, 556 U.S. at 678.

This is not to say that Plaintiff cannot allege sufficient facts to show that he is being inadequately treated for his cancer. While he may not be entitled to the physician of his choice, or a specific "specialist," he is entitled to care by a physician with experience in treating cancer. But as it stands, the Complaint does not allow the inference that Plaintiff is not receiving such care at present.

## IV. **LEAVE TO AMEND**

Plaintiff's Complaint is DISMISSED for failure to state a claim. Plaintiff may file a proposed amended complaint on or before **July 26, 2013,** curing the specific deficiencies noted above. The amended complaint must provide sufficient facts to

support Plaintiff's claim that Defendants are responsible for his contracting lung cancer because they exposed him to an inmate who was exposed or infected with TB and Hepatitis C, and that they denied him adequate medical care for his lung cancer with deliberate indifference to his health or serious medical needs.

The amended complaint must clearly designate that it is the "First Amended Complaint." It must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Any claims that are dismissed herein with prejudice and without leave to amend need not be repled in the amended complaint to preserve them for appeal. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012) (overruling previous Ninth Circuit law that "all claims alleged in a dismissed complaint which are not realleged in an amended complaint" are waived) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). However, "any claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *Id.* at 928.

### V. 28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a

prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

1. The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

2. Plaintiff is granted leave to file an amended complaint on or before **July 26, 2013**, in compliance with this Order. If Plaintiff fails to do so, this action shall be DISMISSED without further notice and the Clerk of Court SHALL enter judgment stating that the dismissal was pursuant to 28 U.S.C. § 1915.

3. The Clerk of Court is DIRECTED to forward a copy of the court's prisoner civil rights complaint form to Plaintiff so that he may comply with this Order.

4. Any pending motions are DENIED. Plaintiff is NOTIFIED that he may not file, and the court will take no action, on any motions he files until he has submitted a

sufficient amended complaint that cures the deficiencies noted herein.

IT IS SO ORDERED.

DATED: June 10, 2013, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Alba v. M.C.C.C. Fac. Medical Staff, et al.,* 1:13-cv-00231 HG/KSC;
G:\docs\kelly\Orders\Denise\13cv231.Alba v. M.C.C.C Facility Medical and Correctional Staff.Dismiss Cmpt.Leave to Amend.wpd